IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHEILA MARIE MONTOYA ELLISON,

        Plaintiff,

vs.                                                CIVIL NO. 99-359 LFG/RAP

LOVELACE HEALTH SYSTEMS,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS
## AND FOR ORDER TO COMPEL ARBITRATION

THIS MATTER is before the Court on Defendant Lovelace Health Systems, Inc.'s ("Lovelace") Motion to Dismiss and for Order to Compel Arbitration Pursuant to Federal Arbitration Act [Doc. 34]. Lovelace moves the Court pursuant to Fed. R. Civ. P. 12(b)(6). Together with Lovelace's motion, various affidavits and attachments were submitted. It is not clear, however, whether the parties wish to have the Court treat this motion as one filed under Fed. R. Civ. P. 56.

Plaintiff Sheila Marie Montoya Ellison ("Ellison") alleges she was discriminated against by Lovelace. Lovelace, on the other hand, contends that because Ellison was not directly employed by it, she cannot state a claim under which relief can be granted. Lovelace further argues that Ellison entered into a settlement agreement with her former employer which released Lovelace from any causes of action that Ellison may have.

Lovelace moves for an order of dismissal, an order compelling arbitration under the terms of Ellison's prior settlement agreement, and an award of attorney fees. For the following reasons, Lovelace's motion is denied.

## Standards for Consideration of a Motion to Dismiss

In considering a Rule 12(b)(6) motion, the Court is required to accept as true the allegations of the complaint. The Court's review of the complaint is not considered an evaluation on the merits of the claim, but, rather, only an examination of the pleadings to determine whether plaintiff has stated an actionable cause. If, accepting as true the allegations of the complaint, plaintiff has stated a valid cause of action, it is improper to dismiss the complaint. As a result, motions to dismiss under 12(b)(6) are infrequently granted. 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (1990). The court is precluded from granting a motion to dismiss under 12(b)(6) unless "the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Maez v. Mountain States Tel. & Tel, Inc., 54 F.3d 1488, 1496 (10th Cir. 1995).

The Court's task is to accept all well-pled allegations as true, and to "indulge all reasonable inferences in favor of the plaintiff . . . ." Weatherhead v. Globe Intern., Inc., 832 F.2d 1226, 1228 (10th Cir. 1987). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974). It is with these standards in mind that the Court considers Lovelace's motion.

## Present Motion

Plaintiff alleges that she was discriminated against by Lovelace in violation of Title VII of the Civil Rights Act. In Lovelace's motion, it argues it was not Ellison's employer and that Ellison discharged her employer and others, including Lovelace, from any liability as a result of a prior settlement. Both contentions, if undisputed, would entitled Lovelace to judgment. However, at this stage of the proceeding, the Court is required to accept as true that Lovelace discriminated against

2

Ellison in violation of law. Moreover, the question of whether Lovelace was or was not Ellison's employer-in-fact is not easily resolved at a 12(b)(6) stage.

> There are several legal theories which may be used by a charging party to attempt to obtain Title VII jurisdiction over a potential respondent which is not his/her employer-in-fact. These include showing that the respondent and their employer are so integrated in their operations as to be a single employer; showing that the respondent exercises such control over their employment conditions as to be a joint employer; or showing that their putative employer was really just an "agent" of the respondent, who is their true employer. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1362 & n.2 (10th Cir. 1993).

Snowdon v. State Farm Mut. Auto. Ins. Co., 932 F. Supp. 1267, 1270 (D. N.M. 1996).

Lovelace further claims that provisions in the settlement agreement between Ellison and Connecticut General Life Insurance Company are applicable to it, and that Ellison's release of claims extended to Lovelace in this case. However, pursuant to New Mexico law, the "[b]urden is on third party who neither negotiated nor gave consideration for release to prove that it was an intended beneficiary of the release." Hansen v. Ford Motor Co., 120 N.M. 203, 205, 900 P.2d 952, 954 (1995). This burden has not yet been met. In Hansen, the New Mexico Supreme Court stated, "[a] general release raises a rebuttable presumption that only those persons specifically designated by name or by some other specific identifying terminology are discharged." Id. at 211. Because Lovelace was not specifically designated by name, or other specific identifying terminology within the settlement agreement, it is premature for the Court to consider the question of release of liability, especially at the 12(b)(6) stage.

Rule 12(b)(6) review standards require that the Court accept Ellison's allegations as true and indulge all reasonable inferences in her favor. Under this requirement, the Court declines to grant Lovelace's motion to dismiss.

Because the Court is unsure whether the parties wished this matter to be considered as a Rule 56 motion, it is declining, at this time, to consider Lovelace's affidavits and attachments to the motion. These issues may be raised again by the parties by appropriate Rule 56 motion for summary judgment. At the Rule 56 stage, the Court will determine whether there are factual disputes requiring a trial, or if there are not factual disputes, if a party is entitled to judgment as a matter of law.

In conclusion, the Court denies Lovelace's motion to dismiss, but the parties are given leave to raise these issues by way of appropriate Rule 56 motion.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Donald R. Sears, Jr., Esq.

ATTORNEYS FOR DEFENDANT:
Lorna M. Wiggins, Esq.
Dana L. Cox, Esq.