IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHEILA MARIE MONTOYA ELLISON,

              Plaintiff,

vs.                                              No. CIV 99-359 LFG/RLP

LOVELACE HEALTH SYSTEMS,

              Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTIONS FOR ATTORNEY FEES AND COSTS

THIS MATTER comes before the Court on two motions by Defendant Lovelace Health Systems, Inc. ("Lovelace"): Motion for Attorneys' Fees [Doc. 52], and Motion to Tax Costs [Doc. 54]. The motions, responses, and replies were filed as packages in accordance with the District's motion package rule. No oral argument is necessary. The Court, being fully informed in the premises, finds that the Motion to Tax Costs is well taken and will be granted in part, and the Motion for Attorneys' Fees will be denied.

### Attorney Fees

Plaintiff Sheila Marie Montoya Ellison ("Ellison") brought this suit under Title VII and the Age Discrimination in Employment Act (ADEA), alleging that she was terminated from her employment with Lovelace because of her age and national origin, and in retaliation for protesting allegedly unlawful business practices. Lovelace's motion for summary judgment was granted by memorandum opinion and order dated July 12, 2000, and judgment was entered on that date in favor of Lovelace. Lovelace now moves the Court to award it attorney fees under Title VII, 42 U.S.C. §

2000e-5(k) (erroneously cited as § 2000e(k)), in the amount of $32,761.38.

An award of attorney fees under Title VII is discretionary. 28 U.S.C. § 2000e-5(k); Simons v. Southwest Petro-Chem, Inc., 28 F.3d 1029, 1033 (10th Cir. 1994). A prevailing defendant in a Title VII case is entitled to an award of attorney fees only if the Court finds that the plaintiff's claim was frivolous, unreasonable or without foundation, or that the plaintiff continued to litigate after her claim became frivolous. Id., *citing* Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S. Ct. 694, 700-01 (1978).

The standard for awarding a defendant attorney fees under Title VII is the same as the standard for awarding fees in civil rights actions under 28 U.S.C. § 1988, Cooper v. Singer, 719 F.2d 1496, 1499 n.5 (10th Cir. 1983), *overruled on other grounds*, Venegas v. Mitchell, 495 U.S. 82, 110 S. Ct. 1679 (1990), and that standard is quite strict. While the prevailing plaintiff in a civil rights action is ordinarily entitled to attorney fees, Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983), the prevailing defendant may recover attorney fees only "if the suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant." Utah Women's Clinic, Inc. v. Leavitt, 136 F.3d 707, 709 (10th Cir. 1998); Hensley, 461 U.S. at 429 n.2. "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff . . .. The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard." Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000). Even claims that are dismissed under Rule 12(b)(6) do not necessarily justify an award of attorney fees, particularly those that "receive careful consideration, especially as evidenced by lengthy, detailed, and reasoned orders or opinions." Jane L. v. Bangerter, 61 F.3d 1505, 1513 (10th Cir. 1995).

> In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.  In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.   This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.   No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.   Decisive facts may not emerge until discovery or trial.   The law may change or clarify in the midst of litigation. Even when the  law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 421-22, 98 S. Ct. at 700-01.

The Court finds no evidence that Ellison brought this suit for an improper purpose, or that the suit was clearly groundless.  As was true in Mitchell, *supra*, the Court's finding that Ellison has no legal remedy available to her,  under the evidence and arguments presented, does not mean that her suit was frivolous.  It is true that the Court found no triable issue for the jury as to whether the release signed by Plaintiff was intended to apply to Lovelace as a third party beneficiary, either individually or as a member of a class of beneficiaries.  The Court cannot say, however, that this conclusion would necessarily have been so obvious from the outset that Ellison's pursuit of her claim should be labeled frivolous or vexatious.  Lovelace has not met the stringent standard for an award of attorney fees to a prevailing defendant in a civil rights case.

Lovelace also argues that it has a contractual right to an award of attorney fees, even if it would not otherwise be awarded fees under prevailing standards.  While it is true that, in some cases, courts will enforce contractual provisions for attorney fees, *see, e.g.*, North Drive-In Theatre Corp.

v. Park-In Theatres, Inc., 248 F.2d 232, 239 (10th Cir. 1957), nevertheless, the general rule counsels against such an award unless exceptional circumstances exist.   Whereas "a contract providing for attorney fees may support an award regardless of the absence of any statutory authority . . ., as often has been said, an allowance is appropriate only in exceptional cases and for dominating reasons of justice. If no exceptional circumstances exist, fees should be denied."   10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2675 (1998).

In the exercise of its discretion, the Court declines Lovelace's request for attorney fees. under the circumstances of this case.

### Costs

The Clerk of the District Court taxed costs in this case in the amount of $681.81.  This Court reviews the Clerk's assessment of costs *de novo*.   Furr v. AT&T Technologies, Inc., 824 F.2d 1537, 1550 n.11 (10th Cir. 1987).  Plaintiff asserts that a prevailing defendant may recover costs only if the suit was vexatious, frivolous, or brought for purposes of harassment.  Although, as noted above, this standard applies to an award of attorney fees, it is inapplicable to costs.  Mitchell, at 1204.

"Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."   F. R. Civ. P. 54(d)(1).  This rule "makes the award of costs presumptive," even when the prevailing party is a defendant in a civil rights case.  Mitchell, at 1203. Plaintiff has not rebutted this presumption, nor does she contend that she is indigent, *see*, Cantrell v. IBEW AFL-CIO, Local 2021, 69 F.3d 456, 459 (10th Cir. 1995).  The Court finds that an award of costs is appropriate in this case.

Plaintiff argues that cost items for faxes, long distance calls, and computer research are not recoverable because not mentioned in D.N.M.LR-Civ. 54.2.  While the local rule does set forth

4

certain categories of recoverable costs, the list is not exclusive; rather, recovery of costs is generally governed by 28 U.S.C. § 1920. That statute has been interpreted to exclude items such as computer-assisted legal research (CALR),[1] and long distance phone calls and fax expenses,[2] as these are not specifically listed in § 1920 and are more akin to attorney fees and expenses of litigation than to taxable costs. *See, e.g.*, U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1246 n.29 (10th Cir. 1988),[3] (holding that the cost of computerized legal research should be denied under § 1920, as it is "generally treated as a lawyer's cost and not taxable as ordinary costs").

This is particularly true when no award of attorney fees is made since, ordinary office expenses such as telephone, fax, and CALR could be included as "disbursements" under the heading of fees and expenses. *See*, Allen v. United States Steel Corp., 665 F.2d 689, 697 (5th Cir. 1982) (paralegal expenses "are separately recoverable only as part of a prevailing party's award for attorney's fees and expenses . . . [o]therwise, paralegal expenses are separately unrecoverable overhead expenses"); Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1144 (7th Cir. 1994) (describing such things as phone calls and other offices costs as "expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time"); Shannon v. HUD, 433 F. Supp.

---

[1] *See, e.g.*, Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995); Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir. 1983); Haroco v. American Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440 (7th Cir. 1994); Ortega v. City of Kansas City, 659 F. Supp. 1201, 1219 (D. Kan. 1987), *rev'd on other grounds*, 875 F.2d 1497 (10th Cir. 1989); United States v. Bedford Assocs., 548 F. Supp. 748, 753 (S.D.N.Y. 1982); Wolfe v. Wolfe, 570 F. Supp. 826, 828 (D.S.C. 1983); Friedlander v. Nims, 583 F. Supp. 1087, 1088-89 (N.D. Ga. 1984); Ryther v. KARE 11, 864 F. Supp. 1525, 1533 (D. Minn. 1994); El-Fadl v. Central Bank of Jordan, 163 F.R.D. 389, 390-91 (D.D.C. 1995); Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F. Supp. 415, 418-19 (N.D. Tex. 1997).

[2] *See, e.g.*, Ezelle v. Bauer Corp., 154 F.R.D. 149, 155 (S.D. Miss. 1994); In re Schwinn Bicycle Co., 210 B.R. 764, 771 (N.D. Ill. 1997); Wolfe, *supra*, note 1, at 828; Embotelladora, *supra*, note 1, at 417.

[3] *Implied overruling on other grounds recognized by,* Anixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1231 (10th Cir.1996).

249, 252 (E.D. Pa. 1977); Wahl v. Carrier Mfg. Co., 511 F.2d 209, 217 (7th Cir. 1975).  *See generally*, Laura B. Bartell, "Taxation of Costs and Awards of Expenses in Federal Court," 101 F.R.D. 553, 590-91 (1984).  The Court exercises its discretion to decline reimbursement for these items.

However, the costs for photocopies are allowable.  Copies "necessarily obtained for use in the case" are specifically mentioned in the costs statute.  28 U.S.C. § 1920(4). There is a presumption favoring the award of statutorily authorized costs.  Furr, *supra*, at 1340 n.8, and the non-prevailing party bears the burden of overcoming this presumption.  Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir. 1980).

Plaintiff argues that the charges are excessive, in part because defendant used an outside copy service for some of the copy expenses ($43.07 out of a total copying cost of $452.03); defendant counters that copies are actually less expensive that way.  Plaintiff does not challenge any of defendant's copy expenses as not necessary for use in the case.  Attorney Wiggins has certified that the costs are correctly stated, are reasonable, and were necessary to the defense of the litigation. Plaintiff has not rebutted this certification.  The costs for photocopies in the amount of $452.03 will be allowed.

## **Order**

IT IS THEREFORE ORDERED that Defendant's Motion for Attorneys' Fee [Doc. 52] is

denied;

IT IS FURTHER ORDERED that Defendant's Motion to Tax Costs [Doc. 54] is granted in

part, to the extent that Defendant is awarded its costs in the amount of $452.03 for photocopies.


_____
Lorenzo F. Garcia
United States Magistrate Judge

7